TAM:SRC:mel

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD SANTOS, | : | No. 1:CV-05-0008 |
| Plaintiff | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| (BOP), CRYSTAL SHIVERY, | : | |
| USP LEWISBURG CORRECTIONAL | : | |
| OFFICER, | : | |
| Defendants | : | Filed Electronically |

**EXHIBIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

THOMAS A. MARINO
United States Attorney

s/ Stephen R. Cerutti
STEPHEN R. CERUTTI
Assistant U.S. Attorney
PA 90744
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone: 717-221-4482
Fax: 717-221-2246

Date: May 31, 2005

**INDEX**

Declaration of Crystal Shivery . . . . . . . . . . . . . . . . . Ex. 1

Case 1:05-cv-00008-CCC-MP Document 14-2 Filed 05/31/05 Page 3 of 13



GOVERNMENT EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD SANTOS, | : | CIVIL ACTION NO. 1:05-CV-0008 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| BUREAU OF PRISONS and CRYSTAL SHIVERY, Correctional Officer, USP Lewisburg | : | |
| Defendants | : | |

### DECLARATION OF CRYSTAL SHIVERY

I, **Crystal Shivery**, hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("FBOP"), as a Senior Officer at the United States Penitentiary, Lewisburg, Pennsylvania. I have been employed with the FBOP since January 2001.

2. The Plaintiff, inmate Willard Santos, Federal Register Number 82236-054, is currently confined in the United States Penitentiary, Lewisburg, Pennsylvania.

3. The Plaintiff was sentenced on January 25, 2000, in the United States District Court for the Middle District of Florida to LIFE imprisonment for "Conspiracy to Possess with

Intent to Distribute Cocaine" in violation of Title 21, U.S.C., §846.  The Plaintiff also received a ten year term of supervision and he was ordered to pay a $100.00 non-committed felony assessment.  The Plaintiff was then sentenced to a second LIFE imprisonment term for "Possession with Intent to Distribute Cocaine" in violation of Title 21, U.S.C., §841(A)(1), to be served concurrent to the first LIFE imprisonment term.  Once again, the Plaintiff received a ten year term of supervision and he was again ordered to pay a $100.00 non-committed felony assessment.  Since the Plaintiff is serving a life sentence, he does not have a projected release date.

4. Regarding the Plaintiff's allegations, I deny that I violated the Plaintiff's constitutional rights at any time.

5. On July 31, 2003, I was assigned to work as a Correctional Officer on H Block (an inmate housing unit).  At approximately 6:10 a.m., I observed the Plaintiff opening the door to the first floor shower room.  The Plaintiff lifted his towel and he made direct eye contact with me.  He then proceeded to show me his genitals.  The Plaintiff then proceeded out the door and he walked down the first floor hallway towards his cell.

00002

6.  As a result of the Plaintiff's actions, I notified my supervisor of the situation. I then wrote an incident report charging the Plaintiff with "Indecent Exposure", a code 300 violation of the Bureau of Prisons' disciplinary rules. I have attached a copy of page 1 of the incident report (#1128330) to my declaration as Attachment Number 1.

7.  Although I forwarded the incident report to the Lieutenant's Office for processing, I was not involved in the disciplinary hearing process. My role was limited to issuing the disciplinary report.

8.  On October 25, 2003, I was again assigned to work as a Correctional Officer on H Block. At approximately 9:50 a.m., I was performing the morning count of the inmates assigned to this unit. I made several verbal announcements for all inmates to lock in their cells so I could begin the count. I also ensured that the unit's television room was clear of all inmates.

9.  After I secured all of the cells, I went to the third floor and I observed the Plaintiff standing outside of his cell. Myself and another staff member then commenced to count the inmates in their cells. I started to count down the right hand side of the hallway and when I reached the Plaintiff's

cell, I told him to see me after the count. I then unlocked his cell and I secured him inside the cell.

10. Since I had lost track of the inmate count, I had to recount the floor. After the count was completed, I unlocked all of the cells in the unit and I returned to my other duties. At no time did the Plaintiff come to see me as I had directed him. I contacted my supervisor regarding this incident and I was instructed to write an incident report.

11. I wrote an incident report charging the Plaintiff with "Interfering with the Taking of the Count" (a code 321 violation of the Bureau of Prisons' disciplinary rules) and with "Refusing to Obey an Order" (a code 307 violation). Although I forwarded the incident report to the Lieutenant's Office for processing, I was not involved in the disciplinary hearing process. My role was limited to issuing the disciplinary report. I have attached a copy of page 1 of the incident report (#1155812) (and its continuation page) to my declaration as Attachment Number 2.

12. I deny that either of these two incident reports was false, or that I violated the Plaintiff's constitutional rights. I based both incident reports on the facts as they appeared to me at the time of the incidents.

00004

13. Since I was not involved in either disciplinary process, I can not comment as to whether the Plaintiff's due process rights were violated during his disciplinary hearings. Additionally, I was not involved in any of the administrative appeals filed by the Plaintiff.

14. To the best of my knowledge, I was not involved in any of the other events alleged in the complaint.

I declare that the attached documents are true and correct copies of records kept in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 17th day of April 2005.

_____
CRYSTAL SHIVERY
Senior Officer
United States Penitentiary
Lewisburg, Pennsylvania 17837

**Santos v. BOP, et al.**
M.D.Pa. 1:CV-05-0008
Declaration of C. Shivery

# Attachment #1

U.S. Department of Justice
Federal Bureau of Prisons

Incident Report

# 1128350

## PART I – INCIDENT REPORT

**1. NAME OF INSTITUTION:** U.S.P. Lewisburg

**2. NAME OF INMATE:** Santos, Willard
**3. REGISTER NUMBER:** 82236-054
**4. DATE OF INCIDENT:** 31 July 03
**5. TIME:** 6:10AM

**6. PLACE OF INCIDENT:** H-Block
**7. ASSIGNMENT:** SHELV-SHR
**8. UNIT:** H-Block

**9. INCIDENT:** Indecent Exposure
**10. CODE:** 300

**11. DESCRIPTION OF INCIDENT** (Date: 31 July 03 Time: 6:10AM Staff became aware of incident)

On the above date 31 July 03 at approximately 6:10AM, Inmate Santos, Willard (82236-054) opened the door to first floor inmate shower room of H-Block, lifted his towel and made direct eye contact and proceeded to show this officer his genitals. He then proceeded out the door and walked down the first floor hallway to his cell. Lt. Lemay was notified of this situation.

**12. SIGNATURE OF REPORTING EMPLOYEE:** Crystal Snivery
**DATE AND TIME:** 31 July 03 6:10AM
**13. NAME AND TITLE (Printed):** Crystal Snivery / Correctional Officer

**14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY:**
**15. DATE INCIDENT REPORT DELIVERED:** 31 July 03
**16. TIME INCIDENT REPORT DELIVERED:** 820a

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

The report is a lie, I am not guilty, I was wearing my breifs and towel when I came out of the shower. I did refuse to let the female officer pat search me.

**18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:**
___ COMMITTED THE FOLLOWING PROHIBITED ACT.
___ DID NOT COMMIT A PROHIBITED ACT.

**B. XX** THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
**C.** ___ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Based on the written report from staff and the inmate statement, UDC is referring to DHO for greater sanctions than UDC level.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**

To change behavior of this type, D/S, L.P. Comm, L.P. Phone, loss of social visit's for 180 days.

**21. DATE AND TIME OF ACTION:** 8-2-03 9:40am (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

Cavanaugh / Chairman (Typed Name/Signature)
D.A. White / Member (Typed Name)
Member (Typed Name)

00007

BP-288(52)

**Santos v. BOP, et al.**
M.D.Pa. 1:CV-05-0008
Declaration of C. Shivery

# Attachment #2

U.S. Department of Justice #11-5812 — Incident Report
Federal Bureau of Prisons

PAGE 1 OF 2

## PART I – INCIDENT REPORT

**1. NAME OF INSTITUTION:** U.S.P Lewisburg

**2. NAME OF INMATE:** Santos, Willard
**3. REGISTER NUMBER:** 82236-054
**4. DATE OF INCIDENT:** 10-25-03
**5. TIME:** 10:00 AM

**6. PLACE OF INCIDENT:** H-Block 3rd Floor
**7. ASSIGNMENT:** Shelv-SHR
**8. UNIT:** H-Block

**9. INCIDENT:** Interfering with the taking of Count / Refusing to obey an order
**10. CODE:** 321 / 307

**11. DESCRIPTION OF INCIDENT** (Date: 10-25-03 Time: 9:50AM staff became aware of incident)

On 25 October 2003 at approximately 9:50AM I officer Shivery started on the first floor of H Block stating loudly "Lockin in on third fellas!" I proceeded to the second floor again stating loudly, "Lockin in on third fellas!" On the third floor I yelled, "Lock-in in!" I completed my lock in of H Block then returned to 3rd floor to Count. Inmate Santos, Willard (82236-054) was standing outside of his cell #313 waiting. I started to count down the right side of hallway and came to Inmate Santos and I stated to him (having direct eye contact) "See me after Count." I unlocked his cell 313 and then secured him inside the cell.

**12. SIGNATURE OF REPORTING EMPLOYEE:** Crystal Shivery
**DATE AND TIME:** 10-25-03 10:00 AM
**13. NAME AND TITLE (Printed):** Crystal Shivery, Correctional Officer

**14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY:** D.T. Hull, CT
**15. DATE INCIDENT REPORT DELIVERED:** 10/25/03
**16. TIME INCIDENT REPORT DELIVERED:** 12:50 pm

## PART II – COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT**

I didn't hear nothing, I went upstairs, the officer didn't say anything to me, And she locked the unit down early.

**18.** A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:
___ COMMITTED THE FOLLOWING PROHIBITED ACT.
___ DID NOT COMMIT A PROHIBITED ACT.

B. _XX_ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
C. ___ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**

Based on the written report from staff and the inmates statement UDC is Referring to DHO for greater sanctions than UDC level.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO** (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

UDC Recommends, DIS, LP PH, LP COMM, To change ~~UDC is Referring to DHO for greater sanctions than UDC level.~~ behavior of this type in the future

**21. DATE AND TIME OF ACTION** 10-26-03 1047A (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

J. Cavanaugh, Chairman
D. [signature], Member

00009

U.S. Department of Justice  
Federal Bureau of Prisons

**Incident Report**

Page 2 of 2.

## PART I - INCIDENT REPORT

1. NAME OF INSTITUTION: U.S.P. Lewisburg
2. NAME OF INMATE: Santos, Willard
3. REGISTER NUMBER: 82236-054
4. DATE OF INCIDENT: 10-25-03
5. TIME: 10:00AM
6. PLACE OF INCIDENT: H-Block 3rd floor
7. ASSIGNMENT: Shelv-SHR
8. UNIT: H-Block
9. INCIDENT: Interfering with the taking of Count / Refusing to obey an order
10. CODE: 321 / 307
11. DESCRIPTION OF INCIDENT (Date: 10-25-03 Time: 9:50AM staff became aware of incident):

CONTINUED: I then lost count and had to recount the third floor. After count was completed and inmates were unlocked from their cells, Inmate Santos refused to see me. I contacted Lt. Hill and informed him of this situation. He advised me to issue this incident report. LATE NOTE: During my procedures of informing H-Block inmates of locking in for count, I also entered the main T.V. Room above second floor, announced count time, then waited until it was clear of inmates.

12. SIGNATURE OF REPORTING EMPLOYEE: Crystal Snivery
DATE AND TIME: 10-25-03 10:00AM
13. NAME AND TITLE (Printed): Crystal Snivery, Correctional Officer
14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY:
15. DATE INCIDENT REPORT DELIVERED: 10/25/03
16. TIME INCIDENT REPORT DELIVERED: 12:50PM

## PART II - COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.
_____ DID NOT COMMIT A PROHIBITED ACT.

B. _____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
C. _____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS.

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

21. DATE AND TIME OF ACTION 10-26-03 10:47# (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

00010

Chairman (Typed Name/Signature)   Member (Typed Name)   Member (Typed Name)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD SANTOS, | : | No. 1:CV-05-0008 |
| Plaintiff | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| (BOP), CRYSTAL SHIVERY, | : | |
| USP LEWISBURG CORRECTIONAL | : | |
| OFFICER, | : | |
| Defendants | : | Filed Electronically |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 31, 2005, she served a copy of the attached

**EXHIBIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Willard Santos
Reg. No. 82236-054
USP Lewisburg
P.O. Box 1000
Lewisburg, PA   17837

s/ Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist