IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLARD SANTOS,** : | **CIVIL ACTION NO. 1:05-CV-0008** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **BUREAU OF PRISONS and** : | |
| **CRYSTAL SHIVERY**, Correctional : | |
| Officer, USP Lewisburg, : | |
| **Defendants** : | |

**MEMORANDUM**

Presently before the court is defendants' motion to dismiss or, in the alternative, for summary judgment. (Doc. 12). Plaintiff Willard Santos (Santos) alleges in this <u>Bivens</u>[1] action, filed pursuant to 28 U.S.C. § 1331, that his due process rights were violated by the Bureau of Prisons ("BOP") and Correctional Officer Crystal Shivery ("Shivery"). For the reasons that follow, the motion to dismiss will be granted.

**I.   Statement of Facts**

Santos, an inmate incarcerated at the United States Penitentiary at Lewisburg, alleges that Shivery began harassing him on July 17, 2003, by falsely accusing him of violating the dress code, disobeying orders, and interfering with security counts. He alleges that the harassment resulted in the issuance of two false misconducts. According to Santos, the first misconduct, issued in July 2003,

---

[1] <u>Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

charged him with indecent exposure upon departing the shower. Santos contends that this wrongful charge caused him injury to his character in that he is now labeled a sexual offender. He further alleges that he was denied a proper hearing because he was not allowed to present witnesses on his behalf. (See Doc. 1, p. 2).

Santos was found guilty by the Unit Discipline Committee and sanctioned with loss of commissary, phone and visiting privileges for thirty days. He appealed this disciplinary action and, at some point during the administrative appeal process, the matter was remanded back for a new hearing. Santos alleges that he was denied the opportunity to present witnesses at the new hearing and was found guilty "without a proper hearing." (See Doc. 1, p. 8). His subsequent appeals were denied at all levels of review. (See id.).

The second misconduct was issued on October 25, 2003. According to Santos, Shivery prematurely closed and locked the cell doors during a security count. As a result, Santos was unable to access his cell. When Shivery came to his cell, she opened the door, let him in the cell, and resumed the count of the inmates without comment. To his surprise, Santos was later summoned to the lieutenant's office and informed that he would be charged with interfering with count and failing to obey an order. Following a hearing, Santos was found guilty and sanctioned to the loss of fourteen days of good conduct time, loss of commissary privileges for ninety days and fifteen days in disciplinary segregation. His subsequent appeals were denied at all levels of review. (See Doc. 1, p. 9).

Santos asserts that defendants deprived him of his liberty in direct violation of the Due Process Clause. He seeks expungement of any files maintained on the indecent exposure misconduct charge and punitive damages from the Bureau of Prisons. He also seeks compensatory and punitive damages from Shivery for the issuance of false misconducts. (See Doc. 1, p. 10).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. Further, a court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

When an inmate charged with misconduct has been afforded proper due process protections, an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights in the absence of retaliation for the exercise of a constitutional right. Flanagan v. Shively, 783 F. Supp. 922, 931-32 (M.D.Pa.), aff'd mem., 980 F.2d 722 (3d Cir. 1992); Wilson v. Maben, 676 F. Supp. 581, 584 (M.D.Pa. 1987); Freeman v. Rideout, 808 F.2d 949, 952-54 (2d Cir. 1986) (holding that planting of false evidence by prison guard does not amount to constitutional misconduct where an inmate has been provided with procedural due process). In the instant case, Santos fails to state a *prima facie* claim of

retaliation.[2]  Rather, he claims only that defendants' due process violations denied him a liberty interest.  Therefore, the court must determine whether Santos had a protected liberty interest and, if so, what process was mandated to protect it.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).  Importantly, due process requirements apply only when the prison's actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 483.  Further, confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest.  Id. at 486.

---

[2]  In his response to defendants' motion, Santos belatedly argues that Shivery's issuance of false misconducts should be considered retaliatory.  In order to prevail on a retaliation claim, Santos must prove that the conduct that led to the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of prison officials, and that exercise of the constitutional right was a substantial or motivating factor in the challenged action.  Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir.2001).  Santos contends that Shivery's conduct constitutes harassment and that there is circumstantial evidence from which a jury could find that the conduct was driven by a retaliatory motive.  (Doc. 15, p. 6).  This is insufficient.  Santos does not allege that he was engaged in constitutionally protected activities, nor could he based upon the undisputed subject matters of the respective misconducts.

### A.   First Misconduct

The sanctions imposed on Santos, as a result of the first misconduct, included loss of commissary, phone and visiting privileges for a period of thirty days. Notwithstanding Santos' contention that this misconduct was fraudulently issued, and that he was denied the opportunity to present witnesses on his behalf, the sanctions at issue doe not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483. Hence, the sanctions do not implicate a due process violation.

Santos also argues that inclusion of the indecent exposure misconduct in his institutional record has injured his character and exposed him to harm "as the BOP maintains files stigmatizing the complainant as a sexual offender. . . ." (Doc. 1, p. 2). It is clear from the following averment that Santos' only purported injury is harm to his character:

> Although there is not an official notification or registration of the plaintiff as a sex offender, the disciplinary records kept at the institution indicates [sic] some form of a perversion. . . .  As it is no[w] there have been cat . . . calls by the inmates and the staff [which] are offensive to the plaintiff[']s] character.

(Doc. 15-1, p. 7). Santos fails to state a constitutional claim. "'[T]he proposition that reputation alone, apart from some more tangible interests such as employment,

is . . . [in]sufficient to invoke the . . . Due Process Clause." Paul v. Davis, 424 U.S. 693, 701 (1976); see also Seville v. Martinez, 130 F. Appx. 549, 551 (3d Cir. 2005).[3]

To the extent that this argument may be construed as a challenge to any future custody classification, such a challenge also fails.  An inmate has no entitlement to a particular custodial/security classification within a prison.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp.2d 37, 40 (D.D.C. 1999).  Nor does an inmate have a justifiable expectation that he will be incarcerated in a particular prison.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montayne v. Haymes, 427 U.S. 236, 242 (1976).  Consequently, adverse impact upon Santos' custody classification or institutional placement is not the type of "atypical or significant hardship" necessary for a due process claim.  Sandin, 515 U.S. at 483.

Accordingly, Santos' claims regarding this misconduct will be dismissed.

**B.   Second Misconduct**

Santos alleges that defendants violated his due process rights at the hearing concerning his second misconduct by prohibiting him from presenting

---

[3]Although Santos only alleges injury to his reputation in the complaint, he argues in his responsive brief that failure to expunge the misconduct will also jeopardize his eligibility for parole. (Doc. 15-1, p. 5). This is insufficient to invoke the Due Process Clause.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (holding that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").

documentary evidence and witnesses in his defense.[4]  He seeks to have his fourteen days of good-conduct time reinstated, and compensatory damages.  (Doc. 15 at 4, 6).  Clearly, this claim constitutes a challenge to the duration of Santos' confinement, and, regardless of the relief sought, it must be brought via a petition for writ of habeas corpus.  See Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1248 (2005). ("[A] prisoner's § 1983 action is barred . . . no matter the relief sought (damage or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.");  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that an inmate challenging the deprivation of good conduct time is required to file a petition for writ of habeas corpus); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever [a prisoner] ultimately attacks . . . the fact or length of the sentence, [his claim], however demonstrated and regardless of the relief sought, must be brought by way of a habeas corpus petition."); Friedland v. Fauver, 6 F.Supp.2d 292, 309 (D.N.J.

---

[4] When a prison disciplinary hearing may result in the loss of good-conduct time credits, due process requires that the prisoner receive:  (1) written notice of the claimed violation at least twenty-four hours in advance of the hearing, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action.  See Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974).  In addition, the disciplinary hearing officer's decision must be supported by "some evidence" in the record.  See Super., Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985); see also Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying Hill standard).

1998) ("[T]he Supreme Court . . . [held] that a prisoner's § 1983 action challenging a prison disciplinary sanction and seeking declaratory relief and money damage . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 unless the disciplinary sanction has been overturned or invalidated")[5] (quoted with approval in Leamer, 288 F.3d at 542, n.7).

Accordingly, Santos' claims regarding the second misconduct will be dismissed without prejudice to his right to seek relief in a petition for habeas corpus relief.

## IV.    Conclusion

Because the facts and circumstances averred by Santos with respect to the issuance of his first misconduct do not state a violation of a constitutional right, these claims will be dismissed. Santos' claims with respect to the issuance of his second misconduct constitute a direct challenge to the duration of his confinement; hence, these claims will be dismissed without prejudice to Santos' right to seek relief by filing a petition for writ of habeas corpus. An appropriate order will issue.

　　　　　　　　　　　　　　　　 /s/ Christopher C. Conner
　　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　United States District Judge

Dated:        March 20, 2006

---

[5] Bivens actions are the federal counterpart to § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 ( 3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir.2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson 948 F.2d 1402, 1409 (3d Cir. 1991).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLARD SANTOS,** : | **CIVIL ACTION NO. 1:05-CV-0008** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **BUREAU OF PRISONS and** : | |
| **CRYSTAL SHIVERY, Correctional** : | |
| **Officer, USP Lewisburg,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 20th day of March, 2006, upon consideration of defendants' motion to dismiss (Doc. 12), and in accordance with the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 12) is GRANTED as follows:

1. Plaintiff's claims with respect to his first misconduct are DISMISSED with prejudice.

2. Plaintiff's claims with respect to his second misconduct are DISMISSED without prejudice to plaintiff's right to assert such claims in a petition for writ of habeas corpus.  See Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1248 (2005); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also 28 U.S.C. § 2241.

3. The Clerk of Court is directed to CLOSE this action.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge